UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-05840-MWF (SK) | Date | May 24, 2019 |
|---|---|---|---|
| Title | Stephon DeJon Alexander v. A. Cortese, et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Cheryl Wynn | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Under the Court's Scheduling Order, the parties' mandatory case status reports were due on May 17, 2019. (ECF 26). But as of this order, only Defendants have filed their separate status report. (ECF 29). Rule 16(f) of the Federal Rules of Civil Procedure provides for the imposition of sanctions for the failure to obey a scheduling order, and Rule 41(b) provides for the involuntary dismissal of an action for failure to prosecute or obey a court order. "Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The case status report is not an empty document; it is an indispensable tool in assessing how Plaintiff intends to prosecute the case and provides the Court with the necessary information needed to schedule court proceedings aimed at a merits disposition. *See id.* ("A scheduling order 'is not a frivolous piece of paper, idly entered[.]'") (citation omitted).

Therefore, Plaintiff is ORDERED TO SHOW CAUSE in writing by no later than **June 28, 2019**, why this action should not be dismissed for lack of prosecution and failure to obey court orders. Plaintiff may discharge this order by filing his mandatory case status report by the June 28, 2019 deadline. Alternatively, if Plaintiff does not intend to prosecute this action, he may file a notice of voluntary dismissal using the attaching form CV-9. Voluntarily dismissed actions do not count as "strikes" under 28 U.S.C. § 1915(g), which limits the number of civil rights lawsuits that prisoners may file while incarcerated.

**Failure to comply with this court order may result in involuntary dismissal of this action for failure to prosecute and/or failure to obey court orders.** *See* **Fed. R. Civ. P 41(b); L.R. 41-1.**